UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK CHARLES PETTEY and
HEIDI PETTEY,

        Plaintiffs,

                                                                                                                Case Number 11-13779
v.                                                                                        Honorable David M. Lawson

CITIMORTGAGE, INC.,

        Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

The matter is before the Court on the plaintiffs' motion for reconsideration of the Court's August 21, 2012 opinion and order granting the defendant's motion to dismiss. The plaintiffs assert that "there is a split in the Eastern District of Michigan" regarding the requirements that a borrower must meet to trigger the statutory loan modification process provided for in Mich. Compiled Laws § 600.3205c. The plaintiffs argue that, had the Court considered the decision in *Roller v. Federal National Mortgage Association*, No. 12-11236 (E.D. Mich. June 4, 2012), the Court would not have granted the defendant's motion to dismiss.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted).

The plaintiffs argue that "Plaintiffs have established that they have complied with MCLA 600.3205 in that they have contacted the Defendant and attempted through MCLA 600.3205c to

obtain a Loan Modification. In deed [sic] the hearing on Defendant's Motion to Dismiss was adjourned in order for the parties to attempt to work out a Loan Modification." Pl.'s Mot. at 2.

The plaintiff's reliance on *Roller* is unfounded, because in *Roller* the plaintiff complied with the statute by sending a timely request for modification. *Roller*, at *2 ("Roller contacted a housing counselor, who scheduled a meeting with the Trott firm."). The court's decision in *Roller* turned on the fact that, despite the fact that the statutory loan modification process was properly begun, the lender failed to send the plaintiff a copy of the calculations on which the ultimate denial of a modification was based. *Roller*, at *8–9. In this case, the plaintiffs never triggered the statutory modification process in the first instance, so the defendant was under no obligation to send a notice of calculations made, or to take any other actions toward completing that process.

The statutory loan modification process mandated by Mich. Comp. Laws 3205c expressly applies only to a request for modification made by the borrower "within 30 days after the notice [of foreclosure] is sent." Mich. Comp. Laws §§ 600.3205a(1)(d); 600.3205b(1); 600.3205c(1). The statute does not embrace a request for loan modification made in the context of settlement discussions that occurred more than two years after the notice was sent. Moreover, the Court addressed this precise issue in its August 21, 2012 opinion and order [dkt. #17]:

> The plaintiffs state in their complaint that the defendant failed to complete the loan modification process and failed to send the plaintiffs a denial letter with the required calculations before the sheriff's sale. However, the complaint fails to allege that the plaintiffs contacted a housing counselor within the time required by section 600.3205b, or at any time thereafter. Under the statute's plain language, the defendant's section 600.3205c obligations were never triggered. Other courts that have addressed the argument also have found that mortgagors may not seek relief under section 600.3205c(8) unless they comply with the statutory requirements. *See Tawfik v. BAC Home Loans Servicing, LP*, No. 11-12590, 2011 WL 6181441, at *4 (E.D. Mich. Dec. 13, 2011); *Galati v. Wells Fargo Bank*, No. 11-11487, 2011 WL 5178276, at *5 (E.D. Mich. Nov. 1, 2011); *Carl v. BAC Home Loans Servicing, LP*, No. 11-11255, 2011 WL 3203086, at *3 (E.D. Mich. July 27, 2011).

> If that failure amounted to merely a pleading defect, it could be ameliorated by amending the complaint to include allegations that the plaintiffs contacted a housing counselor, if in fact they had done so. At oral argument, however, plaintiffs' counsel acknowledged that no contact was made before the sheriff's sale occurred. Moreover, it appears that even if the defendant had a duty to complete the loan modification process and send a denial letter with the required calculations before the sheriff's sale, the plaintiffs are no longer entitled to any statutory relief, which is limited to converting a foreclosure by publication into a judicial foreclosure. *Benford v. CitiMortgage, Inc.*, No. 11-12200, 2011 WL 5525942, at *5 (E.D. Mich. Nov. 14, 2011) ("The statute plainly requires the borrower to seek his remedy prior to the completion of the foreclosure sale, as it merely converts the proceeding into one of judicial foreclosure. A borrower may not challenge a completed foreclosure sale under this statute."); *Lessl v. CitiMortgage, Inc.*, No. 11-10871, 2011 WL 4351673, at *6 (E.D. Mich. Sept. 16, 2011) (same).

Order at 14–15. "Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3).

Because the plaintiffs' motion seeks merely to reargue a question which has already been thoroughly briefed and argued, and on which the Court has already ruled, the Court finds that the plaintiffs have made no showing of a palpable defect that misled the Court and the parties.

Accordingly, it is **ORDERED** that the plaintiffs' motion for reconsideration [dkt. #19] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 6, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 6, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL